No. 25-5097

## UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

HUA JIANG,
Plaintiff-Appellant,
v.
CITY OF TULSA,
Defendant–Appellee.

## APPELLANT'S REPLY BRIEF

APPEALED FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
23-CV-255-CVE-CDL
The Honorable Claire V. Eagan
*United States District Judge*

Mark A. Smith, OBA No. 31231
Caruso & Smith, PLLC
2021 South Lewis Avenue, Suite 720
Tulsa, Oklahoma 74104
(918) 583-5900
mark.smith@smithlegalok.com

Daniel E. Smolen, OBA No. 19943
Smolen & Roytman, PLLC
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
(918) 585-2667
danielsmolen@ssrok.com

ORAL ARGUMENT IS REQUESTED

i

## ARGUMENT

### A. *MCDONNELL DOUGLAS* FRAMEWORK SHOULD BE OVERTURNED IN FAVOR OF A TOTALITY OF THE CIRCUMSTANCES STANDARD

City raises the issue that Jiang did not argue to the District Court to overturn *McDonnell Douglas* nor to employ an alternative framework. [Appellee's Response Br., at 13]. Jiang did not request the District Court to overturn *McDonnell Douglas* as District Courts are bound by this Circuit's precedent. *United States v. Jones*, CR-20-310-R, 2023 WL 6151241, at *2 (W.D. Okla. Sept. 20, 2023), appeal dismissed, *United States v. Jones*, 23-6154, 2024 WL 1619667 (10th Cir. Jan. 31, 2024)("[] this Court is bound to apply Tenth Circuit precedent.")

"It is generally held that questions raised for the first time on appeal are not to be considered by an appellate court." *Stahmann Farms, Inc. v. United States*, 624 F.2d 958, 961 (10th Cir. 1980)(citing Y*ouakim v. Miller*, 425 U.S. 231, 96 S.Ct. 1399, 47 L.Ed.2d 701 (1976); *United States v. Immordino*, 534 F.2d 1378 (10th Cir. 1976)). "This principle is relaxed somewhat where the question is one of law and failure to hear it results in miscarriage of justice." *Id.* (citing *Martinez v. Mathews*, 544 F.2d 1233 (5th Cir. 1976)); see also *ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 923 (10th Cir. 2024)("That said, we retain discretion

1

to reach the merits of any unpreserved issue.")(citing *Johnson v. Spencer*, 950 F.3d 680, 707 (10th Cir. 2020)).

The continued application of *McDonnell Douglas* in the 10th Circuit at the summary judgment stage has clearly caused a miscarriage of justice for Jiang and other similarly situated plaintiffs. *Jenny v. L3Harris Techs., Inc.*, 144 F.4th 1194, 1201 (10th Cir. 2025)(Eid, J. concurring)("I write separately only to underscore the problems with *McDonnell Douglas* and its fixation on pretext—problems that are especially pronounced in cases like this one, where the facts presented at summary judgment make the case close enough to go to a jury."). "[I]f a case has made it to the third step (such that *Reeves*'s pretext inquiry has come into play), both parties by that point will usually have met their burden of production, leaving only the question of whose explanation to believe—which is a question of fact for the jury to decide." *Id.* at 1201-1202 (citing *Stone v. City of Indianapolis Pub. Utils. Div.*, 281 F.3d 640, 643 (7th Cir. 2002)("[T]he fact that the defendant may be able to produce evidence that the plaintiff was fired for a lawful reason just creates an issue of fact: what was the true cause of the discharge?")). This is the exact scenario Jiang faced in the District Court- Jiang presented substantial evidence of pretext, yet, the District Court weighed the evidence in the light most favorable to the City and made the merits determination to believe the City's excuse over Jiang's explanation. It defies "Rule

2

56 for district courts to weigh the relative strength of the plaintiff's evidence against the defendant's []." *Id.* at 1202.

This Circuit is not bound to follow *McDonnell Douglas* under Supreme Court precedent and could follow the 7th Circuit and 11th Circuit in abandoning the framework at the summary judgment stage.

> "[L]itigants and lower courts are free to proceed without the *McDonnell Douglas* framework. This Court has never required anyone to use it. And, district courts are well equipped to resolve summary judgment motions without it. Every day—and in almost every context except the Title VII context—district courts across the country resolve summary judgment motions by applying the straightforward text of Rule 56. In my view, it might behoove courts and litigants to take that same approach in Title VII cases."

*Ames v. Ohio Dep't of Youth Servs.,* 605 U.S. 303, 145 S. Ct. 1540, 1548, 1555, 221 L.Ed.2d 929 (2025)(Thomas, J., concurring); see also *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1310–11 (11th Cir. 2023). Jiang's case is the right case for this Circuit to decide to overturn *McDonnell Douglas* as his evidence of pretext clearly creates a genuine dispute as to whether the City's stated reasons were pretextual. However, the District Court required Jiang to *prove* by a preponderance of the evidence that the legitimate reasons offered by the City were a pretext for discrimination. *Ames*, 605 U.S. at 323, 145 S. Ct. at 1553 ("For example, at the third step, the question for the court cannot be whether the plaintiff has 'prove[d] by a preponderance of the evidence that the legitimate reasons offered by the defendant

... were a pretext for discrimination.' Instead, the plaintiff need only present sufficient evidence to create a 'genuine dispute as to' whether the employer's stated reason was pretextual. (quoting *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981); Rule 56(a))).

The City expressly demands Jiang be held to prove pretext by a preponderance of the evidence, as opposed to asking whether Jiang has raised a genuine dispute as to pretext. [Appellee's Response Br., at 16 (quoting *Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004))]. The District Court made the same error below. **APP 1272**. The application of *McDonnell Douglas* is antithetical to Rule 56 and is perverse in the burden it places on a plaintiff while only requiring a defendant (who filed the summary judgment motion) to merely state some non-discriminatory reason for its actions. **APP. 1272-1273**.

**B. JIANG HAS RAISED GENUINE ISSUES OF MATERIAL FACT CONCERNING PRETEXT FOR HIS DISCRIMINATION CLAIMS.**

The City states "Stefanie Hunter selected the candidate that she felt was the best fit for her department." [Appellee's Response Br., at 18]. However, the City claims this decision was not subjective. The definition of subjective is "peculiar to a

particular individual."[1] Subjective is also described as "based on or influenced by personal feelings, tastes, or opinions."[2] Ms. Hunter making the selection based upon her personal feelings is literally the definition of subjective. The City and the District Court rely heavily on panel interviews and scoring matrices to find the selection process was not subjective. [Appellee's Response Br., at 25-26]. However, these items were not outcome-determinative, as the City admits. The interviews and scores were merely window dressing for Hunter's wholly subjective decision-making. This is another shining example of the perversions of the *McDonnell Douglas* framework and the *Reeves* pretext inquiry.

The City relies on *Hamilton v. Oklahoma City Univ.*, 563 F. App'x 597, 598 (10th Cir. 2014) to argue that changing the job description after the City was rebuked by the CSC did not "directly and uniquely disadvantaged a minority employee." [Appellee's Response Br., at 23]. This is an improper pretext-plus argument. The facts are undisputed that the change in the job description allowed to younger and white applicant to apply for a job for which they were not qualified. The CSC confirmed Jiang was the only qualified candidate under the original job description.

---

[1] "Subjective." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/subjective. Accessed 9 Oct. 2025.
[2] "Subjective." Google.com, Definitions from Oxford Languages. Accessed 9 Oct. 2025.

The City's excuse for amending the job description was "to better meet the needs of the Water and Sewer Department by expanding the training and experience minimum requirements and reflect the previous practice of the City of Tulsa." **App. Vol. I at 0047; Vol. II at 0321-323.** However, multiple managers testified the rewrite made no business sense, that Ex-44 supervisors should have college degrees, and they found it unjustifiable that now a subordinate supervisor had to have higher educational qualifications than the Superintendent. **APP. Vol. II at 566-567; Vol. V at 1120-1121; 1128; 1130-1131; 1179-1182; 1197-1199; 1208-1212.** These are glaring irregularities that only disadvantaged Jiang and a reasonable jury could find these irregularities to be both pretext for protecting the discriminatory decision of Stefanie Hunter and an act of retaliation for Jiang's CSC complaint.

The City's argument as to Jiang's superior qualifications only further supports Jiang's arguments that the selection process was wholly subjective. Indeed, the City argues "Plaintiff made no contention that he has superior management, supervisory, or leadership experience than either other applicant, because there is no evidence that would support that contention." [Appellee's Response Br., at 27]. These standards are clearly subjective. Even more, the City fails to even address that Jiang was the only qualified candidate until HR unilaterally changed the job description to allow to younger and white male applicants to qualify. **APP. Vol. III at 0802-804.** The City's arguments ask this Court to weigh competing evidence and find for the

City on the merits. Jiang has created genuine issues of fact as the veracity of the City's excuses for Jiang's non-selection.

## C. JIANG'S RETALIATION CLAIM PRESENTS TRIABLE ISSUES.

City argues Jiang has not shown an adverse employment action. However, the City directly cites that a failure to promote is an adverse employment action. [Appellee's Response Br., at 30-31 (quoting *Tapia v. City of Albuquerque*, 170 F. App'x 529, 533 (10th Cir. 2006))]. Even more, the City argues Plaintiff is not allowed an inference of retaliation because Jiang's second non-selection was 67 days after his win at the CSC. This is another perversion of the *McDonnell Douglas* framework. Isolating the non-selection decision from the string of circumstance that led to the decision, including amending the job description with no business justification is antithetical to the mandate of Rule 56 to view all inferences in the light most favorable to Jiang. It simply tells employers to create artificial delays to cover up discrimination.

By erasing the very educational requirements Jiang relied on and reopening the application process under lower educational requirements, the City's action tells every employee that you may win the first round at the CSC but they will find a backdoor to discriminate anyhow- a message that says you cannot win so do not make any complaints. The rewrite followed immediately on the CSC determination,

7

was driven by HR (the same actor whose certification conduct the CSC criticized), and managers testified it lacked business justification. That temporal and contextual evidence supports causation and pretext.

Neither the City nor the District Court below engaged in any separate analysis of pretext for the retaliation claim. The City seemingly stands on its position that Hunter selected the candidate she subjectively believed was the best fit. [Appellee's Response Br., at 34]. Jiang has presented sufficient evidence of procedural irregularities, subjectivity, and his overwhelming qualifications to raise a genuine dispute as to the veracity of the City's excuse. To require more of Jiang is a miscarriage of justice and a perversion of the summary judgment process wrought by the *McDonnell Douglas* framework.

## CONCLUSION

The District Court's Order granting summary judgment to the City is an example of the *McDonnell Douglas* framework supplanting Title VII's substantive elements and inapplicability in the summary judgment context. The District Court demanded too much of Jiang at the summary judgment stage and failed to view the facts and inferences in the light most favorable to Jiang. This Court should overrule its adoption of the *McDonnell Douglas* framework. The judgment should be reversed. This Court should remand this case for trial on Mr. Jiang's Title VII, OADA, and ADEA disparate-treatment and retaliation claims.

## CERTIFICATE OF DIGITAL SUBMISSION

The undersigned hereby certifies that this Reply Brief as submitted in Digital Form is an exact copy of the written document filed with the Clerk, that no privacy redactions were required and the digital submission has been scanned for viruses with AVG Anti-Virus Free Edition Software and is free from viruses.

/s/ Mark A. Smith
Mark A. Smith

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

/s/ Mark A. Smith
Mark A. Smith

9